ALLAN STIRLING AND MRS. E. STIRLING, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed January 24, 1923.

When one is bound as bail for another for his appearance in a particular court at a particular time, and the state, before the time stipulated for the appearance, arrests the principal and detains him at another place, thus preventing him from appearing at the time and place stipulated, the bail will be exonerated during such detention.

A Writ of Error to the Court of Record for Escambia County; G. Moreno Jones, Judge.

Reversed.

*John M. Coe*, for Plaintiffs in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

WEST, J.—This is a proceeding in the Court of Record of Escambia County to set aside and vacate an order of estreatment of an appearance bond. This order was made January 23, 1922. On the 8th day of February, 1922, petition was filed to vacate and set aside this order. There was a demurrer to the petition which was overruled, after which answer was filed by the county solicitor on behalf of the State. A jury was waived and the issues made were submitted to the court. Evidence was offered by the parties, upon the consideration of which the court denied the application and entered an order accordingly, which is brought to this court for review by writ of error.

The petition contains the following paragraphs:

"That by the terms of the said bond, as will more fully appear by reference thereto, the defendant Allan Stirling was required to be and appear before the Court of Record of Escambia County, Florida, on the 23rd day of January, A. D. 1922, then and there to answer a certain charge then pending against him.

"That after the execution of the said bond, and prior to the said 23rd day of January, A. D. 1922, the defendant, Allan Stirling, your petitioner, was taken into custody on the 18th day of January, A. D. 1922, in the County of El Paso, Texas, upon process issued out of this court, upon the order of William Fisher, Esq., County Solicitor of Escambia County, State of Florida, as by affidavit attached hereto, and marked exhibit "C" and made a part hereof, reference thereto being had will more fully appear; and the said defendant petitioner was detained in such custody, until after the return day of the said bond, at which time the alleged estreatment thereof, which is here sought to be relieved against, was had."

It seems to be conceded that "when one is bound as bail for another for his appearance in a particular court at a particular time, and the State, before the time stipulated for the appearance, arrests the principal and detains him at another place, thus preventing him from appearing at the time and place stipulated, the bail will be exonerated during such detention." 3 R. C. L. 51; State v. Funk, 20 N. Dak. 145, 127 N. W. Rep. 722, Ann. Cas. 1912C, 743 and note. But it is avered in the answer and contended on behalf of the State that the accused, after his release on the appearance bond, left the jurisdiction of the Court with the intention of refusing to return and appear at the time and place required, and that the officer was therefore

warranted in taking him into custody notwithstanding the bail.

No benefit will be derived from a recital of the evidence adduced tending to prove the averments of the answer. It was proved that the accused was apprehended in another state and taken into custody, upon process issued from the court in which the prosecution was pending or upon direction of the executive officer of the court who held such process, prior to the time when, under the condition of the bail, he was required to appear, and was at that time in the custody of the law under such process. There is also some evidence in the record tending to show that he was under some misapprehension, because of a conversation with the prosecuting officer after the bond had been made, of the necessity to appear at the time and place stipulated.

Upon the point that the accused, after giving the bail bond, left the jurisdiction of the court and went to a distant state, there is no dispute. There are circumstances in proof tending to indicate that he did not intend to return in accordince with the conditions of the bond and appear to answer the information pending against him at the time and place required. There are, on the other hand, circumstances tending to indicate a contrary intent. The bond required the defendant's appearance in Pensacola on January 23, 1922. He was taken into custody in El Paso, Texas, on the 18 or 19 day of January, 1922. He refused to return except upon requisition. There was however, no effort by defendant to conceal his presence or identity in El Paso. He testified and it was not contradicted, that he made his presence there known to police officers of the city as early as January 12, 1922, and informed them then of the charge pending against him in Florida. That the time intervening between the date on which he was taken into custody in Texas and the date upon which he was re-

quired to appear in Pensacola was sufficient to permit his return, was proved. His arrest and incarceration prevented any voluntary action on his part. What would have happened if what did happen hadn't happened, can be little more than conjecture. That he would not have returned except in response to the coercive measures, is not conclusive. It may be that the preponderance of probabilities is that he would not have returned voluntarily and appeared in court upon the date stipulated, but this is not sufficient basis for a forfeiture. Since he was in custody of the law on and prior to the date upon which he was bound to appear, the evidence, we think, is insufficient to show that he intended the opposite of what the bond required.

Reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.